UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

| | |
|---|---|
| PAUL PHALES STEELY, beneficiary under group life policy of Samuel K. Steely,<br><br>Plaintiff,<br><br>v.<br><br>POLYONE CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant PolyOne Corporation ("PolyOne") removes the action entitled *Paul Phales Steely, beneficiary under group life policy of Samuel K. Steely v. PolyOne Corporation*, currently pending in the Whitley Circuit Court in the 34th Judicial District of the Commonwealth of Kentucky, to the United States District Court for the Eastern District of Kentucky, Southern Division.  As grounds for removal, PolyOne states:

1. Plaintiff Paul Phales Steely ("Plaintiff") filed suit against PolyOne by serving his state court Complaint on PolyOne via its statutory registered agent on September 12, 2019.  As required under 28 U.S.C. § 1446(a), copies of all state court processes, pleadings, and orders served on PolyOne are attached as **Exhibit A**.

2. No further substantive proceedings have taken place in this action since the receipt of the Complaint by PolyOne.

3. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1391 and Eastern District of Kentucky Local Rule 3.1(a)(3)(A).

4. This action is not a non-removable action as described in 28 U.S.C. § 1445.

5. Nothing in this Notice of Removal should be construed as an admission or acknowledgement of liability, a waiver of any defenses, or that Plaintiff is entitled to any damages.

6. Concurrent with the filing of this Notice of Removal, written notice of the filing of the Notice of Removal is being sent to counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

7. A true and accurate copy of this Notice of Removal is also being filed with the Clerk of Court for the Whitley Circuit Court in the 34th Judicial District of the Commonwealth of Kentucky, as required by 28 U.S.C. § 1446(d).

8. Under 28 U.S.C. § 1446, removal is timely if filed within thirty (30) days after a defendant is served with a summons and the initial pleading.  PolyOne timely files this removal within thirty (30) days of the September 12, 2019 service.

9. PolyOne is entitled to remove this action under federal question jurisdiction and diversity of citizenship.

10. A case may be removed from state to federal court if the case could have originally been brought in the federal forum. *See* 28 U.S.C. § 1441(a).  This is a civil action over which this Court has original jurisdiction under (1) 28 U.S.C. § 1331, federal question jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

11. This case also has original jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, and therefore may be removed to this Court under 28 U.S.C. § 1441(a)–(b).

12. Plaintiff's Complaint alleges that PolyOne violated multiple subsections of the Kentucky Unfair Claims Settlement Practices Act, KRS 304-12.230, "in misrepresenting pertinent facts at issue (§ (1)); in not promptly communicating with an agent for plaintiff, being Paul David Steely (§ (2)); in not promptly furnishing requesting information to the agent (§ (2)); by trying to

trick the plaintiff into accepting a small refund in lieu of the life insurance benefits due him (§§ (4), (6)); by compelling the plaintiff to have to retain counsel and file this lawsuit to collect benefit due him (§ (7)); and by contradicting the defendant's own insurance carrier by denying liability, when the carrier had already acknowledged that there was a life insurance policy in effect (§§ (1), (4), (6))." (Compl. ¶ 17.) He also purports to seek "specific performance" and "special damages" based on PolyOne's failure to pay the proceeds of a lapsed life insurance for which he claims to be the beneficiary.

## Federal Question Jurisdiction

13. This Court has federal question jurisdiction over the action because Plaintiff, as an alleged beneficiary under an employee group life insurance plan, seeks recovery of benefits and other relief under said employee welfare benefit plan. The plan is controlled by ERISA:

    a. Plaintiff alleges he is the beneficiary of a $55,000.00 group life insurance policy;

    b. The policy at issue was covered under an employee welfare benefit plan, and, as such, was a participant and beneficiary under said employee welfare benefit plan;

    c. The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. § 1002(5), which defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . ." Plaintiff concedes this in the Complaint in acknowledging that PolyOne employed the decedent, (Compl. ¶ 3), and that the decedent was instructed to send premium payments for his benefits to PolyOne (Compl. ¶¶ 7-10);

    d. The plan was established and is maintained for the purpose of providing, among other things, insurance benefits for participants in the plan;

e. The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1);

f. Plaintiff's claim is one for recovery of benefits and other relief under said employee welfare benefit plan; and

g. Pursuant to 29 U.S.C. § 1132(e-f), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans, without respect to diversity of citizenship or amount in controversy.

14. In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims under 28 U.S.C. § 1367 because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## Diversity of Citizenship

15. This Court also has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that: (1) parties on each side of the case be citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

## Citizens of Different States

16. Upon information and belief and his own allegation, Plaintiff is a citizen of the state of Kentucky. *See* Compl. ¶ 1.

17.     PolyOne is incorporated in Ohio and has its headquarters in Avon Lake, Ohio. Therefore, for purposes of diversity of citizenship under 28 U.S.C. § 1332, PolyOne is a citizen of Ohio and not a citizen of Kentucky.

18.     Complete diversity exists between the named parties under 28 U.S.C. § 1332, as Plaintiff (Kentucky) and Defendant (Ohio) are not citizens of the same state.

### Amount in Controversy

19.     The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the district court finds, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B). A defendant seeking removal need only show that, assuming the plaintiff proves his claims, the amount in controversy "more likely than not" exceeds $75,000. *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (internal quotation omitted).

20.     Courts may consider actual/compensatory damages, and, in some cases, attorney's fees to determine whether the amount in controversy exceeds $75,000. *See Klepper v. First Am. Bank*, 916 F.2d 337, 340–41 (6th Cir. 1990). A court may aggregate the damages in calculating the amount in controversy. *See Compass Grp. USA, Inc. v. Eaton Rapids Pub. Sch.*, 349 F. App'x 33, 35 (6th Cir. 2009) (citations omitted.)

21.     A court includes attorney's fees in the amount in controversy when a contract or statute allows for attorney's fees. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). The Kentucky Unfair Claims Settlement Practices Act, KRS 304-12.235(3) explicitly provides that the plaintiff shall be entitled to be reimbursed for his reasonable attorney's fees incurred.

22.     Here, Plaintiff's Complaint seeks "specific performance" amounting to payment of the lapsed $55,000 life insurance policy at issue (Compl. p. 1), in addition to reimbursement for mortgage payments and funeral expenses paid on behalf of decedent in the amount of $14,356.80. (Compl. ¶¶14-15.) Plaintiff's Complaint further states that he has spent $5,000 in attorney's fees and court costs. (Compl. ¶16.) These amounts total to $74,356.00, an amount that excludes any attorney's fees beyond those involved in filing the Complaint. It is more likely than not that Plaintiff's counsel will accrue additional attorney's fees in excess of $644 as this matter proceeds through litigation, and, should he prevail, he is entitled to recovery of these fees under Kentucky Unfair Claims Settlement Practices Act, KRS 304-12.235(3). *See Hampton v. Safeco Ins. Co.*, 614 Fed. Appx. 321, 323-324 (6th Cir. 2015).

23.     Counsel for Plaintiff, upon learning of PolyOne's intent to remove this matter, attempted to sidestep this Court's jurisdiction by filing in the Whitley Circuit Court in the 34th Judicial District of the Commonwealth of Kentucky a "Notice of Amount in Controversy and Waiver of Attorney's Fee." *See* Exhibit A.  Such filing is ineffective in reducing the amount in controversy to below the $75,000 threshold. *See, e.g. Heyman v. Lincoln Nat'l Life Ins. Co.*, __ Fed.Appx. __, Case No. 18-5622, 2019 WL 3229347 (6th Cir. July 18, 2019) (upholding removal of an insured's claims for breach of contract and Kentucky statutes, and finding the amount in controversy requirement met despite the plaintiff's attempt to limit recovery of attorney's fees).

24.     Although PolyOne opposes Plaintiff's claimed entitlement to attorney's fees, Plaintiff's Complaint and related case law ensures that the amount in controversy exceeds $75,000 when accounting for attorney's fees as litigation proceeds, the $55,000 insurance policy, and $14,356.80 in consequential special damages.

6

25. Without making any admission as to the merits or lack thereof to Plaintiff's damages allegations, PolyOne believes in good faith that Plaintiff's alleged damages exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a).

26. Therefore, Plaintiff's Complaint seeks more than $75,000, which satisfies the amount in controversy under 28 U.S.C. § 1332(a).

27. Accordingly, this Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.

**WHEREFORE**, PolyOne hereby removes the above-captioned action pending in the Whitley Circuit Court in the 34th Judicial District of the Commonwealth of Kentucky to the United States District Court for the Eastern District of Kentucky, Southern Division.

Dated this 2nd day of October 2019.

Respectfully submitted,

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie, KY #097123
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908
Email: Jennifer.Rusie@odnss.com

Counsel for Defendant
PolyOne Corporation

## CERTIFICATE OF SERVICE

     I hereby certify that on October 2, 2019, the foregoing Notice of Removal was served via U.S. Mail upon the following:

    James H. Wren, II, Esq.
    203 North Fourth Street
    P.O. Box 6
    Williamsburg, KY  40769-0006

                                            */s/ Jennifer S. Rusie*
                                            Jennifer S. Rusie