# EXHIBIT A

COMMONWEALTH OF KENTUCKY
34TH JUDICIAL CIRCUIT
WHITLEY CIRCUIT COURT
CIVIL ACTION NO. 19-CI-_____
DIVISION _____
*ELECTRONICALLY FILED*

PAUL PHALES STEELY, Beneficiary under group life
Policy of SAMUEL K. STEELY, Deceased,                PLAINTIFF,

-vs-                    **COMPLAINT**
**(INCLUDING JURY DEMAND)**

POLYONE CORPORATION,                    DEFENDANT.

**Serve:**

POLYONE CORPORATION
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601
**Serve By: Certified Mail Service of Process**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Comes now the plaintiff, PAUL PHALES STEELY, in his individual capacity as
the sole beneficiary of a certain group life insurance policy of Samuel Kent Steely,
Deceased, by and through the undersigned counsel; and as his Complaint for specific
performance of the payment of a life insurance benefit of $55,000.00 due the plaintiff, and
for special damages as a consequence of the defendant's failure to perform and as a
consequence of the defendant's breach of the Kentucky Unfair Claims Settlement Practices
Act, KRS 304-12.230, states as follows:

1. Plaintiff is the father of the decedent, and is also one of two Co-Administrators
of the Estate of Samuel K. Steely, Deceased, who died intestate on or about January 12,

**Page 1 of 7 (including Exhibit "A")**

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000001 of 000007

Filed 19-CI-00441 09/04/2019 Gary W. Barton, Whitley NOT ORIGINAL DOCUMENT
09/11/2019 09:02:50 AM
96052-2

2019. The plaintiff was appointed by the Whitley District Court in the probate action styled

*In re Samuel Kent Steely, Deceased,* Whitley Dist. Ct. No. 19-P-00014 However, the

plaintiff brings this action in his individual capacity, as the sole beneficiary named in a

group life insurance policy of the decedent. For all pertinent matters, plaintiff maintains a

residential mailing address of P.O. Box 300, Williamsburg, Kentucky 40769-0300.

2. The defendant, POLYONE CORPORATION, is an Ohio corporation in good

standing with the Kentucky Secretary of State, having a principal place of business in Avon

Lake, Ohio 44012, and having an agent for service of process of CT Corporation System,

with an address set forth above.

3. During his lifetime, decedent, Samuel Kent Steely, was employed by defendant,

POLYONE CORPORATION, in the State of Tennessee. After his resignation, decedent

relocated from Jacksboro, Tennessee to Williamsburg, Kentucky. Upon the plaintiff's best

information and belief, the decedent gave notice to the defendant of his new address in

Kentucky. However, the defendant and other entities associated therewith continued to

send some written correspondence to his address in Jacksboro, Tennessee.

4. In particular, on October 1, 2018, Liberty Life Assurance Company of Boston

(within the family of companies comprising Liberty Mutual Insurance) sent notice to the

decedent at his Tennessee address that it had "completed a thorough review of [the

decedent's] eligibility for the Waiver of Premium Benefit" regarding his group life

insurance provided by the defendant, POLYONE CORPORATION.

5. The plaintiff does not believe that the decedent ever received this letter; but even

if he did, the letter expressly states that the decedent's "coverage is currently in effect in

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000002 of 000007

Filed 19-CI-00441 09/04/2019 Gary W. Barton, Whitley Circuit Clerk

NOT ORIGINAL DOCUMENT
09/11/2019 09:02:50 AM
96052-2

accordance with [the defendant's group life insurance] policy, but this will continue for a limited period of time."

6.   Thereafter, upon best information and belief of the plaintiff, the decedent received life insurance premium bills for October, November, and December 2018 that were sent to decedent's Williamsburg address.  Again, upon the plaintiff's best information and belief, all of these premiums were paid to maintain life insurance coverage on the decedent for the benefit of the plaintiff, to cover the plaintiff's son's final expenses.

7.   Upon the best information and belief of the plaintiff, the billing was sent to 409 South Second Street, Williamsburg, Kentucky 40769.  The billing slips stated "Basic Life, Delta Dental [,] Vision [,] PPO … *Send premium checks payable to PolyOne Corporation*" (emphasis in original).

8.   After the decedent's death, Paul David Steely (the other son of the plaintiff) found an unpaid premium notice on the decedent's group life insurance (Account No. 553437).  The billing provided a 30 days' grace period for paying the premium.  On January 29, 2019, plaintiff paid the premium due.  A copy of premium slip, the payment, and the envelope mailing it to the defendant is appended to this Complaint as Exhibit "A".

9.   The premium was received on or before January 31, because the check in Exhibit "A" cleared the bank having the decedent's estate account on February 1, 2019.

10.   Upon the best information of plaintiff, an entity known as Businessolver.com, believed to be an agent for the defendant, POLYONE CORPORATION, tried to avoid liability to the plaintiff by mailing a "refund" to the decedent on February 22, 2019.  The claimed "refund" was for $139.51.  Suspecting that the defendant was acting in bad faith and was trying to claim an avoidance of liability – and also setting a trap for the unwary

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000003 of 000007

Filed                                                     NOT ORIGINAL DOCUMENT
                                                          09/11/2019 09:02:50 AM
                                                          96052-2

beneficiary – neither the plaintiff nor the fiduciaries for the decedent's estate cashed the check.

11. The plaintiff, having been unsuccessful in compelling the defendant to pay the insurance benefit due him, retained this counsel, who is not a salaried employee either of the named plaintiff or of the decedent's estate.

12. As a consequence of this counsel's letter sent to the defendant, the undersigned counsel received a letter from the defendant's consulting attorney dated August 28, 2019. In that letter, the consulting attorney claimed that the decedent "did not have an active life insurance policy at the time he passed away, as it had lapsed on September 29, 2018; nine months from his initial date of disability of December 29, 2017."

13. As the attorney's letter directly contradicted both applicable law and the letter of October 1, 2018 from Liberty Life Assurance stating that the decedent did have life insurance, this lawsuit was initiated on September 4, 2019, to recover the life insurance benefit, and also to recover special consequential damages (the decedent's funeral bill, the eight months of loan payments on the decedent's realty, and the attorney's fees and the court costs necessarily expended in obtaining specific performance).

14. In particular, the life insurance benefit that the plaintiff was to receive was to set off what the plaintiff had previously paid out for the funeral, a total sum of $8,068.00.

15. The mortgage payments were in the amount of $786.10 per month for a period of eight months, from January 13, 2019 until August 31, 2019, when it became clear that the defendant intended not to pay the benefit due the plaintiff. The total sum of the eight months' of mortgage payments equals $6,288.80. The plaintiff made all the home mortgage payments out-of-pocket.

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000004 of 000007

Filed    19-CI-00441    09/04/2019    Gary W. Barton, Whitley Circuit Clerk    NOT ORIGINAL DOCUMENT
09/11/2019 09:02:50 AM
96052-2

16.  The plaintiff had to retain counsel to compel the defendant to accept liability, and has spent $5,000.00 in attorney's fees and court costs.  The plaintiff paid these monies out-of-pocket.  The plaintiff expects to be reimbursed his attorney's fees and court costs, as a result of having to compel the defendant to pay the life insurance benefit due him.

17.  Defendant, POLYONE CORPORATION, has violated multiple subsections of Kentucky's Unfair Claims Settlement Practices Act, KRS 304-12.230, in misrepresenting pertinent facts at issue (§ (1)); in not promptly communicating with an agent for plaintiff, being Paul David Steely (§ (2)); in not promptly furnishing requested information to the agent (§ (2)); by trying to trick the plaintiff into accepting a small refund in lieu of the life insurance benefit due him (§§ (4), (6)); by denying liability for the life insurance benefit, when liability was reasonably clear (§ (6)); by compelling the plaintiff to have to retain counsel and file this lawsuit to collect benefit due him (§ (7)); and by contradicting the defendant's own insurance carrier in denying liability, when the carrier had already acknowledged that there was a life insurance policy in effect (§§ (1). (4), (6)).

18.  As the cause-in-fact, substantial factor, and the proximate cause and result of the defendant's having engaged in the unfair claims settlement practices set forth above, the plaintiff has incurred the consequential damages specified above.  Said damages are in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.

**WHEREFORE,** the plaintiff respectfully prays judgment of this Court against the defendant as follows:

1.  An award of specific performance of the contract within the group life insurance policy of the defendant, POLYONE CORPORATION, administered by Liberty Life Assurance Company of Boston, by directing that the defendant is liable to the plaintiff in

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000005 of 000007

Filed    19-CI-00441    09/04/2019    Gary W. Barton, Whitley Circuit Clerk

Filed   19-CI-00441   09/04/2019   Gary W. Barton, Whitley Circuit Clerk   NOT ORIGINAL DOCUMENT
09/11/2019 09:02:50 AM
96052-2

the amount of $55,000.00, being the life insurance benefit due the plaintiff from the defendant.

2.  An award of consequential special damages in the total sum of $19,356.00, in accordance with the pleading set forth above.

3.  An award of the plaintiff's right to trial by jury.

4.  An award of any and all other relief to which the plaintiff may be entitled.

Very respectfully submitted,

/s/ James H. Wren, II
**JAMES H. WREN, II**, Esquire
Kentucky Bar Association No. 79010
James H. Wren, II, PLLC
203 North Fourth Street
P.O. Box 6
Williamsburg, Kentucky 40769-0006
Telephone No: (606) 524-4800

COUNSEL FOR THE PLAINTIFFS

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000006 of 000007

Filed   19-CI-00441   09/04/2019   Gary W. Barton, Whitley Circuit Clerk

Steely, Samuel                                     Account    553437

409 South 2nd Street     Basic Life, Delta Dental

Williamsburg, KY 40769    Vision     **EXHIBIT "A"**     Due Date     Amount

                  PPO                                   01/01/2019     $227.62

*Send premium checks payable to PolyOne Corporation*

Mail to:
PolyOne Corporation
PO Box 310512                                             Pay online at
Des Moines, IA 50331-0512                                  www.benefitsolver.com







PDC Consultants, LLC
P. O. Box 300
Williamsburg, KY 40769

Polyone Corporation
P.O. Box 310512
Des Moines, LA 50331-0512

Guaranteed
Overnight

Presiding Judge: HON. DAN BALLOU (634292)

COM : 000007 of 000007

Filed          19-CI-00441      10/02/2019          Gary W. Barton, Whitley Circuit Clerk

COMMONWEALTH OF KENTUCKY
34TH JUDICIAL CIRCUIT
WHITLEY CIRCUIT COURT
CIVIL ACTION NO. 19-CI-00441
DIVISION I
*ELECTRONICALLY FILED*


PAUL PHALES STEELY, Beneficiary under group life
Policy of SAMUEL K. STEELY, Deceased,                    PLAINTIFF,


-vs-        **NOTICE OF AMOUNT IN CONTROVERSY
AND WAIVER OF CLAIM OF ATTORNEY'S FEE**


POLYONE CORPORATION,                         DEFENDANT.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Come now the plaintiff, PAUL PHALES STEELY, in his individual capacity as the sole beneficiary of a certain group life insurance policy of Samuel Kent Steely, Deceased, and the Hon. JAMES H. WREN, II, the undersigned counsel and counsel for the plaintiff; and hereby give notice that the attorney has been paid in full in this matter (in the sum of $5,000.00).

1.  To the extent that the defendant is claiming that theoretically the undersigned counsel might recover additional attorney's fees – while simultaneously claiming that the Complaint should be dismissed with prejudice – the plaintiff and the undersigned counsel expressly waive any such claim.  The defendant is claiming same solely as a means to assert that the federal courts have jurisdiction over this matter.  The defendant, through counsel, has been advised that its claim is false and specious – made in bad faith and in violation of CR 11 – to claim that the federal court has diversity of citizenship jurisdiction.

Filed          19-CI-00441      10/02/2019          Gary W. Barton, Whitley Circuit Clerk

2.  This attorney has paid in full already.  The plaintiff and counsel further state that there is less than $75,000.00 in controversy.  This Court is the appropriate forum to resolve this case, the local federal court (United States District Court for the Eastern District of Kentucky) lacking jurisdiction in this case.

                                    Very respectfully submitted,

                                     /s/ James H. Wren, II
                                    **JAMES H. WREN, II**, Esquire
                                    Kentucky Bar Association No. 79010
                                    James H. Wren, II, PLLC
                                    203 North Fourth Street, P.O. Box 6
                                    Williamsburg, Kentucky 40769-0006
                                    Telephone No: (606) 524-4800
                                    COUNSEL FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

        The undersigned counsel hereby certifies that a true and exact copy of the foregoing Motion and Notice have been served electronic mail delivery upon the Clerk and upon counsel for the defendant, on this the 2nd day of October 2019.

Hon. Gary Barton
Whitley Circuit Court Clerk
P.O. Box 329
Williamsburg, Kentucky  40769-0329
***Electronically Served***

Hon. Kathleen J. Sanz
Ogletree, Deakins P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
***Electronically Served***

                                    s/ James H. Wren, II
                                    **JAMES H. WREN, II**, Esquire
cc.:

Mr. Paul P. Steely
Mr. Paul D. Steely